UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

DAVID R. HINKSON,                      )
                                       )
                    Petitioner,        )
                                       )
        v.                             )        No. 2:19-cv-00290-JMS-DLP
                                       )
WARDEN,                                )
                                       )
                    Respondent.        )

**ORDER DENYING WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Petitioner David R. Hinkson, a federal inmate currently housed at the Butner Federal

Medical Center, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 while

incarcerated in this district. Mr. Hinkson contends that, under *Mathis v. United States*, 136 S. Ct.

2443 (2016), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), his sentences for solicitation to

commit murder under 18 U.S.C. § 373 should not run consecutively.[1] For the reasons explained

below, his petition is **denied**.

## I.        Section 2241 Standard

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal

prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862

(7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) (en banc). Under very

limited circumstances, however, a prisoner may employ § 2241 to challenge his federal conviction

or sentence. *Webster*, 784 F.3d at 1124. This is because  "[§] 2241 authorizes federal courts to

---

[1] Mr. Hinkson does not raise a claim of actual innocence based on newly discovered evidence. See
dkts. 9, 26, and 28. *See also Hinkson v. United States,* No. 71881 (9th Cir. November 15, 2021)
(rejecting actual innocence argument based on witness's recantation).

1

issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Section 2255(e) is known as the "savings clause." The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Id.* (*citing e.g., In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013); *Webster*, 784 F.3d at 1123). Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

The Seventh Circuit construed the savings clause in *In re Davenport*, holding:

A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

*In re Davenport*, 147 F.3d at 611. "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136.[2]

Specifically, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant."

---

[2] In *Webster*, the Seventh Circuit held that the savings clause would permit consideration of "new evidence that would demonstrate categorical ineligibility for the death penalty." *Webster*, 784 F.3d at 1125.

*Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).

## II.      Factual and Procedural Background

In 2004, a jury found Mr. Hinkson guilty of 24 criminal tax violations. *See United States v. Hinkson*, No. 3:02-cr-00142 (D. Idaho 2002). These counts stemmed from his operation of a profitable water bottling company, WaterOz, whose product, Mr. Hinkson claimed, could "cure, mitigate or treat human diseases including AIDS, alcoholism, Anthrax, cancer, gangrene, and manic depression." *Id*. He owed more than $3.5 million in income and employment taxes.

While awaiting trial on the tax case, Mr. Hinkson was indicted for soliciting the murders of three federal officials involved in the case: the District Court Judge who was supposed to preside over the tax trial, the prosecuting Assistant United States Attorney, and the Internal Revenue Service Special Agent. *United States v. Hinkson*, No. 1:04-cr-00127 (D. Idaho 2004). A jury found him guilty on three counts of soliciting. *Id*.

The district court sentenced Mr. Hinkson to 516 months' imprisonment consistent with the following:

> The total term in [the tax case] consists of: terms of 12 months each on counts 1-3, 17 & 26; terms of 60 months each on counts 4-16; and terms of 120 months each on counts 31, 33-38, 40-42. All such terms in [the tax case] shall be served concurrently with each other but consecutive to the imprisonment imposed in [the murder-solicitation case]. The total term in [the murder solicitation case] consists of terms of 120 months each on counts 7, 8 and 9, which shall run consecutively to one another and consecutively to criminal [tax case]. An additional 36 months shall run consecutively to counts 7, 8 and 9 pursuant to 18 U.S.C. § 3147. The total imprisonment term of 396 months imposed in [the murder-solicitation case] shall not begin to run until the Defendant has completed service of the total imprisonment term of 120 months imposed in [the tax case].

*Id.* at No. 1:04-cr-00127, dkt 267 (Amended Judgment).

Mr. Hinkson appealed the district court's denial of his motion for a new trial and upon rehearing en banc, the Ninth Circuit affirmed the district court. *United States v. Hinkson*, 585 F.3d 1247, 1263–64, 1267 (9th Cir. 2009) (en banc). The Supreme Court denied certiorari. *Hinkson v. United States*, 131 S. Ct. 2096 (2011).

Mr. Hinkson filed a motion to vacate his sentence under 28 U.S.C. § 2255, which was denied. *United States v. Hinkson*, No. 1:12-cv-196 (D. Idaho 2012).

Mr. Hinkson then filed a subsequent petition for writ of habeas corpus under 28 U.S.C. § 2241 in the Eastern District of California, which was also denied. *Hinkson v. Copenhaver*, No. 1:23-cv-1571 (E.D. Cal. 2013).

In 2018, Mr. Hinkson filed an application for permission to file a second or successive habeas corpus petition with the Ninth Circuit, seeking relief from his sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). *Hinkson v. United States*, No. 18- 71748 (9th Cir. 2018). The Ninth Circuit denied the motion. *Id*.

That same year, Mr. Hinkson filed another § 2241 petition in the Eastern District of Kentucky claiming actual innocence and an incorrect sentence under *Dimaya*. *Hinkson v. Gomez*, No. 1:18-cv-104 (E.D. Ky. 2018). The district court denied his motion because it did not meet the "savings clause" of 28 U.S.C. § 2255(e) that would have authorized his § 2241 petition. *Hinkson*, No. 1:18-cv-104. Mr. Hinkson appealed, but the Sixth Circuit affirmed. *Hinkson v. Gomez*, No. 18-5833 (6th Cir. 2019).

On July 19, 2019, Mr. Hinkson filed another application for leave to file a second or successive petition in the Ninth Circuit. *Hinkson v. United States*, No. 19-71881 (9th Cir. 2019). Again, he argued that *Dimaya* applies to his case, that newly discovered evidence supported his

4

claim of actual innocence, and his sentence is incorrect. *Id*. This petition was denied on November 15, 2021. *Id.*

### III.    Discussion

Mr. Hinkson contends that, under *Mathis v. United States*, 136 S. Ct. 2443 (2016), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), his sentences for solicitation to commit murder under 18 U.S.C. § 373 should not run consecutively.

As an initial matter, while *Mathis* claims are cognizable in a § 2241 petition, *Dimaya* claims are not. *Chazen v. Marske*, 938 F.3d 851, 862–63 (7th Cir. 2019). *Dimaya* is a constitutional case, not a statutory interpretation case. *See* 138 S. Ct. at 1210 (the statute at issue violates due process because it is unconstitutionally vague). Accordingly, any claim under *Dimaya* must be brought in a § 2255 motion. In addition, Mr. Hinkson has already presented his *Dimaya* claim in a petition to file a successive § 2255 motion, and the Ninth Circuit denied the application.[3] Mr. Hinkson cannot relitigate this issue under § 2241 when the issue was resolved by the Ninth Circuit and the law has not changed since that initial collateral review. *Roundtree*, 910 F.3d at 313.

---

[3] The Ninth Circuit explained:

> The application for authorization to file a second or successive 28 U.S.C. § 2255 motion contends that the district court imposed consecutive sentences on the applicant's convictions for solicitation to commit murder under 18 U.S.C. § 373 because it believed those convictions qualified as crimes of violence. The applicant contends that he is entitled to resentencing because solicitation to commit murder no longer qualifies as a crime of violence in light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). We need not determine whether solicitation to commit murder remains a crime of violence after *Dimaya* or whether *Dimaya* is retroactively applicable under the reasoning set forth in *Welch v. United States*, 136 S. Ct. 1257 (2016). The decision to run sentences concurrent or consecutive is within the district court's discretion and governed by 18 U.S.C. § 3584(a), which does not contain language implicated by *Dimaya*.

No. 18-71748 (9th Cir. August 27, 2018).

Mr. Hinkson next contends that his claim is cognizable in a § 2241 petition because it is a *Mathis* claim. But Mr. Hinkson is not raising a *Mathis* claim. In *Mathis,* the Supreme Court held that, to determine whether a prior conviction counts as a violent felony under the Armed Career Criminal Act, courts apply a "categorical" approach that focuses entirely on the elements of the crime of conviction and not on the facts underlying the conviction. 136 S.Ct. 2248. "If the elements of the crime of conviction are broader than the elements of the generic version of the offense— that is, if the crime of conviction criminalizes more behavior—then ACCA does not apply." *United States v. Anderson*, 766 F. App'x 377, 380 (7th Cir. 2019) (citing *Mathis*, 136 S.Ct. at 2248).

In this case, Mr. Hinkson argues that his sentences should not have run consecutively because they were not crimes of violence. But, the United States points out that such a distinction does not exist. "[S]entencing court[s] enjoy[] broad discretion in deciding whether to run concurrent or consecutive terms." *United States v. Jenkins*, 850 F.3d 912, 923 (7th Cir. 2017) (*citing United States v. Bour*, 804 F.3d 880, 885 (7th Cir. 2015)). That discretion is set by statute:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a). *Mathis* is irrelevant to the district court's determination of whether to run Mr. Hinkson's sentences consecutively or concurrently.

Instead, Mr. Hinkson's arguments are an attack on his sentence, and such attacks are not cognizable in a § 2241 petition. Mr. Hinkson has not argued that his sentence is outside the statutory maximum, nor that his guideline range was mandatory and incorrectly calculated.

Thus, his claim is not cognizable here. *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013).

The decision to impose his murder-solicitation sentences consecutively was within the discretion

of the district court. *See* 18 U.S.C. § 3584(a).

No relief is warranted under these circumstances.

### IV. Conclusion

Mr. Hinkson has failed to satisfy the savings clause of § 2255(e). The petition for a writ of

habeas corpus is **denied**. The dismissal of this action is with prejudice. *Prevatte v. Merlak*, 865

F.3d 894, 900 (7th Cir. 2017) ("[P]etition should be dismissed with prejudice under 28 U.S.C.

§ 2255(e).").

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 11/18/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

DAVID R. HINKSON
08795-023
BUTNER - FMC
BUTNER FEDERAL MEDICAL CENTER
Inmate Mail/Parcels
P.O. BOX 1600
BUTNER, NC 27509

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov